John C. Champlin, Appellant, *v.* Morgan, Appellee.

ERROR TO LA SALLE.

A bill for an injunction to stay the opening of a highway until the right could be determined at law, in a suit pending, was dissolved in the court below; the complainant in the bill brought his writ of error and obtained a supersedeas; and asks an order to have the injunction revived until the suit at law shall be determined: *Held,* That as the facts would authorize an injunction if presented to this court, that an order should be entered reviving the original injunction, and that notice be given accordingly.

*Per Curia.* The bill in this case was for an injunction to stay the opening and use of a public highway through the premises of the complainant, until the right could be determined at law, an action for which purpose was then pending. The court below, pending the action at law, dissolved the injunction; the complainant sued out of this court a writ of error, and a supersedeas was allowed. The complainant now,

in this proceeding in error, shows to this court that the action at law is still pending; that he is diligently prosecuting, for the purpose of trying and having the right finally determined by the action at law, and asks an order of this court reviving and continuing the original injunction pending the suit for the determination at law of the right.

We think the case made by the record entitles the complainant in that bill, the plaintiff in error, to the injunction; and were the same facts presented to this court for an original injunction, it would be allowed. An order of this court upon this record will effect the same end and avoid the expense of an independent proceeding for that purpose. We can see no objection to such a practice, and the order will be allowed, with direction that copies thereof, certified by the clerk, be served upon the parties. Defendant's enjoined.